## FRANK LECOUREIER *vs.* THE AMERICAN BARK HAWAIIAN ISLES.

### July 6, 1906.

*Admiralty—Injuries received through animus or negligence of fellow servants:*  Injuries received by sailor in the navigation of the ship, due to hostility or negligence of mate, no ground for damages against the ship, the mate being fellow servant to libelant.

*Same—Liability of vessel for cure and maintenance of sailor injured in its service:*  Upon arrival in port, a seaman injured in the ship's service procured medical treatment.  *Held,* the ship to be liable therefor and for maintenance of seaman while recovering, it being the master's duty to take the initiative in such matters.

*Same:*  Failure of injured seaman to take advantage of free treatment in U. S. Marine Hospital does not discharge ship from expenses of medical attendance and maintenance while being cured, obtained elsewhere, as the certificate of the master is a prerequisite for admission into the U. S. Marine Hospital and it was his duty to have attended to it.

*In Admiralty*:   Libel *in rem* for breach of contract and for wages.

*Geo. A. Davis*, Proctor for Libelant.
*A. G. M. Robertson*, Proctor for Libellee.

DOLE, J.   This libel was brought *in rem* against the libellee for breach of contract between the libelant and the libellee, and for wages, in that while the ship was on the high seas on a voyage from Newcastle to Honolulu the chief mate ordered the yard upon which libelant was standing to be hoisted, intending thereby to injure the libelant and whereby the libelant was injured seriously in his hand, the same being carried into

a block known as the jin block. The answer denies intention and alleges facts concerning the accident which differ materially from the facts alleged in the libel. The evidence of the two sides differs materially in regard to the facts, so that it would be a matter of some difficulty to ascertain the true facts relating to the accident.

I feel, however, that this is unnecessary under the circumstances, according to the rule of the non-liability of a ship for injuries to a sailor due to his fellow servants. This accident, taking the libelant's theory of it, was due to the recklessness and animus and negligence of the chief mate; admitting all this, would the ship be liable for the injury under such circumstances? I think not. The old rule adopted in the *Ross Case,* 112 U. S. 377, and followed for a considerable period afterwards, was materially modified in the case of *B. & O. Railroad Co. v. Baugh,* 149 U. S. 368, and since the latter case the rule in the *Ross Case* has ceased to be recognized. Under the present rule, the mate, acting under the master, is regarded as a fellow servant of the seaman and as such his acts of negligence, by which the seaman is injured, do not create liability on the part of the ship, and acts of hostility or temper by him resulting in injury to the seaman do not render the ship liable unless the master is cognizant of and permits such acts.

I am therefore compelled to rule that the ship is not liable for the injuries complained of.

The question arises, however, as to the cure of the libelant, it being a well established rule that a seaman injured in the service of the ship, even though such injury be the result of ordinary negligence on his part, is entitled to be taken care of at the expense of the vessel until the end of the voyage and longer if necessary to effect a cure, so far as it can be done by the use of ordinary medical means. *Donovan v. The Willis A. Holden,* 2 U. S. Dis. Ct. Hawaii, 41, 49, and cases cited.

The evidence in the case before the court shows that the master attended to the libelant's injury and did what he could for him for the rest of the voyage, which was two days; during

such time libelant was not required to work.    After arriving at Honolulu libelant went to a physician in Honolulu for treatment every day for about fourteen days.    The evidence of the physician shows that the hand will probably be as good as ever when it is well.    It was in the nature of a flesh wound, no bones were broken, but being a serious flesh wound, the daily treatment was necessary.    The doctor said his charges would be from twenty-five to thirty dollars.    Counsel for libellee contends in his brief that the expenses for medical attendance were unnecessary as libelant might have obtained free treatment at the U. S. Marine Hospital.    The master should have attended to this and made the necessary arrangements, for the master's certificate is a necessary prerequisite for such free treatment. The libelant states that he has about a month to get well in, which information, I take it, came from his physician and seems to me to be a very conservative estimate.    The libelant left the ship, with the consent of the master, on the 11th day of May, the date on which he began to go to the physician.    Although it was the duty of the master to see that libelant had proper medical treatment, it appears that, taking the initiative himself, he obtained such treatment.    For this and maintenance during the time required for a cure, the ship is liable. There is no issue in regard to wages.

I find the reasonable charges for the medical treatment to be thirty ($30.00) dollars, and refer the case to the commissioner to ascertain the reasonable expenses of libelant's maintenance during the period from May 11th to the 24th of June which, together with the physician's charges, will make up the amount of damages to be paid to libelant in this case.    Costs to the libelant.